**IN RE K.O.**

[223 N.C. App. 420 (2012)]

IN THE MATTER OF K.O.

No. COA12-722

(Filed 20 November 2012)

**Termination of Parental Rights—drug abuse—alternative child care arrangements—private custody action**

The trial court did not err by concluding that grounds existed to terminate respondent's parental rights to the juvenile under N.C.G.S. § 7B-1111(a)(6) (respondent's drug abuse with the lack of an alternative care arrangement). Although respondent argued that she had placed the juvenile with petitioner in an alternative childcare arrangement, petitioner had commenced a private custody action against respondent and was awarded custody of the juvenile. Respondent had no ability to unilaterally decide that she no longer wanted petitioner to have custody of the juvenile, and petitioner could be deemed to be respondent's alternative child care arrangement for the juvenile.   .

Appeal by respondent-mother from judgment entered 14 March 2012 by Judge Elizabeth T. Trosch in Mecklenburg County District Court. Heard in the Court of Appeals 29 October 2012.

*Shapack & Shapack, P.A., by Edward S. Shapack, and Horack, Talley, Pharr & Lowndes, PA, by Elizabeth Johnstone James, for petitioner-appellee.*

*Richard Croutharmel for respondent-appellant mother.*

ELMORE, Judge.

Mother (respondent) appeals from a judgment terminating her parental rights to her minor child, K.O. (the juvenile). We affirm.

## I.  Background

In August 2008, L.A.W. (petitioner) an acquaintance of the respondent initiated a custody action against respondent seeking legal and physical custody of the juvenile. By order entered 16 April 2009, the trial court awarded permanent legal and physical custody of the juvenile to petitioner. The trial court found respondent had abandoned the juvenile to petitioner's exclusive care and control, and had failed to follow through with a drug treatment program.

**IN RE K.O.**

[223 N.C. App. 420 (2012)]

On 2 September 2011, petitioner filed a petition to terminate respondent's parental rights to the juvenile on the ground that the juvenile was a dependent juvenile (N.C. Gen. Stat. § 7B-1111(a)(6)) due to respondent's continued drug abuse problems. Petitioner filed a motion to amend the petition on 1 November 2011, seeking to add the ground that respondent's parental rights to another child had been terminated pursuant to N.C. Gen. Stat. § 7B-1111(a)(9). The trial court allowed the motion to amend by order entered 28 December 2011.

After a hearing on 22 February 2012, the trial court entered a judgment terminating respondent's parental rights on 14 March 2012. In its judgment, the trial court deemed the petition amended to add the ground of abandonment (N.C. Gen. Stat. § 7B-1111(a)(7)) to conform with the evidence presented at the hearing. The trial court concluded grounds existed to terminate respondent's parental rights to the juvenile based on the grounds alleged in the petition, and the newly added ground of abandonment. Respondent now appeals.

## II. Dependent Juvenile

Respondent argues that the trial court erred in concluding the existence of the ground of dependency under N.C. Gen. Stat. § 7B-1111(a)(6) because respondent had placed the juvenile in an alternative childcare arrangement. We disagree.

Pursuant to N.C. Gen. Stat. § 7B-1111(a)(6), a trial court may terminate parental rights where it finds:

That the parent is incapable of providing for the proper care and supervision of the juvenile, such that the juvenile is a dependent juvenile within the meaning of G.S. 7B-101, and that there is a reasonable probability that such incapability will continue for the foreseeable future. Incapability under this subdivision may be the result of substance abuse, mental retardation, mental illness, organic brain syndrome, or any other cause or condition that renders the parent unable or unavailable to parent the juvenile and the parent lacks an appropriate alternative child care arrangement.

N.C. Gen. Stat. § 7B-1111(a)(6) (2011). Respondent does not contest the trial court's conclusion that the juvenile is a dependent juvenile due to respondent's pattern of substance abuse and failure to provide proper care, supervision and a safe home for the juvenile. Respondent only challenges the trial court's conclusion that she lacks an appropriate alternative child care arrangement. Respondent contends that her alternative child care arrangement is custody of the

**IN RE K.O.**

[223 N.C. App. 420 (2012)]

juvenile with petitioner, and, thus, for petitioner to show she lacked an alternative child care arrangement, petitioner would have to prove respondent no longer desired the juvenile to live with petitioner, which petitioner has not done.

We are not persuaded by respondent's argument. Petitioner does not have custody of the juvenile at respondent's request. Rather, petitioner commenced a private custody action against respondent and was awarded custody of the juvenile due to respondent's substance abuse problems and abandonment of the juvenile in petitioner's care. Respondent has no ability to unilaterally decide that she no longer wants petitioner to have custody of the juvenile, and petitioner cannot be deemed to be respondent's alternative child care arrangement for the juvenile. Accordingly, we hold the trial court did not err in concluding that grounds exist to terminate respondent's parental rights to the juvenile under N.C. Gen. Stat. § 7B-1111(a)(6).

Respondent does not contest the trial court's conclusion that termination of her parental rights was in the best interest of the juvenile. Accordingly, we affirm the trial court's order terminating respondent's parental rights to the juvenile, and we need not address respondent's arguments regarding the court's amendment of the petition and conclusions that grounds also existed to terminate her parental rights under N.C. Gen. Stat. § 7B 1111(a)(7) and (9). *See In re P.L.P.*, 173 N.C. App. 1, 8, 618 S.E.2d 241, 246 (2005) ("[W]here the trial court finds multiple grounds on which to base a termination of parental rights, and an appellate court determines there is at least one ground to support a conclusion that parental rights should be terminated, it is unnecessary to address the remaining grounds." (citation and quotations omitted)), *aff'd per curiam*, 360 N.C. 360, 625 S.E.2d 779 (2006).

### III. Conclusion

Accordingly, we affirm the trial court's order terminating respondent's parental rights to her juvenile K.O.

Affirmed.

Judges STEELMAN and STROUD concur.